UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLA CLAPP,

                Plaintiff,

v.

USI SOLUTIONS, INC.

                Defendant.

CASE NO.  1:19-cv-00423-PLM-PJG

Judge:  Hon. Paul L. Maloney

## DEFENDANT USI SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant USI Solutions, Inc. ("USI"), as and for its Answer to the Complaint of Kayla Clapp ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

## ANSWER TO NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**ANSWER:**  In response to Paragraph 1 of Plaintiff's Complaint, USI admits that Plaintiff has brought this action alleging violations of 15 U.S.C. § 1692 *et seq.,* the Fair Debt Collections Practices Act ("FDCPA").  USI denies that it violated any law.

## ANSWER TO JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:**  In response to Paragraph 2 of Plaintiff's Complaint, USI admits that the statutes referenced refer to jurisdiction, but denies that it violated any law.  USI reserves the right to object to subject matter jurisdiction.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:** In response to Paragraph 3 of Plaintiff's Complaint, USI admits that the statutes referenced refer to venue, but denies that it violated any law.

## ANSWER TO PARTIES

4.      KAYLA CLAPP ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Vicksburg, Michigan.

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.      USI SOLUTIONS, INC., ("Defendant") is a foreign corporation with its principal place of business located in Bristol, Pennsylvania.

**ANSWER:** USI admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**ANSWER:** USI admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

## ANSWER TO FACTUAL ALLEGATIONS

9.      In 2008, Plaintiff applied for and was approved for a HSBC Bank USA, N.A. credit card.

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Over time, Plaintiff made various personal charges on the credit card.

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Plaintiff believes she did pay the account balance in full in 2011 or 2012.

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. In late-May 2019, Plaintiff received phone calls from Defendant seeking to collect "***on behalf of HSBC Bank USA, N.A.***"

**ANSWER:** USI denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint, asserting that any calls made advised Plaintiff that the debt was in regard to a former HSBC account.

13. This alleged account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Defendant referred to Plaintiff's HSBC Bank USA, N.A. account ending in 1082 with an unpaid account balance of $2,459.06.

**ANSWER:** USI admits the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant indicated Plaintiff's HSBC Bank USA, N.A. account opened in 2008; with last payment made in 2012.

**ANSWER:** USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.     Plaintiff insisted that she did pay the account balance in full sometime in 2011 or 2012.

**ANSWER:**  USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     Plaintiff inquired whether collection of this alleged account balance is allowable – citing Michigan's six year statute of limitations for debt collection. *See* M.C.L. § 600.5807(8).

**ANSWER:**  USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.     Defendant insisted that collection of this alleged account balance fell within applicable limitations period.

**ANSWER:**  USI denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant informed Plaintiff that they were giving Plaintiff an opportunity to resolve this account before "it is taken out of Plaintiff's hands."

**ANSWER:**  SI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     Defendant informed Plaintiff that they were authorized/instructed by HSBC Bank USA, N.A. to settle this account through reduced payment in hope of Plaintiff continuing to do business with HSBC Bank USA, N.A. Defendant further advised Plaintiff that they were authorized to accept $1,500.00 as full payment to settle this account.

**ANSWER:**  In response to Paragraph 20 of Plaintiff's Complaint, USI admits that it was authorized to accept $1,500.00 as full and final payment to settle the account at issue as outlined in the letter dated May 28, 2019, attached as Exhibit A to Plaintiff's Complaint. USI denies the remaining allegations.

21.     On May 28, 2019, Defendant sent Plaintiff written confirmation that they were authorized to accept $1,500.00 as full payment to settle this account.

**ANSWER:**  USI admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     However, Defendant's written confirmation identified USI Solutions, Inc. ***and not HSBC Bank USA, N.A.*** as "Current Creditor."

**ANSWER:**  In response to Paragraph 22 of Plaintiff's Complaint, USI avers that the letter speaks for itself.  USI denies the remaining allegations.

23.     Similarly, Defendant's written confirmation specifically stated: "USI Solutions, Inc., acting [on behalf of] USI SOLUTIONS, INC., is authorized ..."

**ANSWER:**  In response to Paragraph 23 of Plaintiff's Complaint, USI avers that the letter speaks for itself.  USI denies the remaining allegations.

24.     Defendant's written confirmation indicated "THIS IS A DATED OFFER. Certified funds must be received by May 29, 2019 to take advantage of this offer."

**ANSWER:**  In response to Paragraph 24 of Plaintiff's Complaint, USI avers that the letter speaks for itself.  USI denies the remaining allegations.

25.     A true and correct copy of Defendant's May 29, 2019 written confirmation is attached hereto as Exhibit A.

**ANSWER:**  In response to Paragraph 25 of Plaintiff's Complaint, USI admits that its letter dated May 28, 2019 is attached as Exhibit A to Plaintiff's Complaint.

26.     Defendant's May 29, 2019 written confirmation is a "communication" as defined by 15 U.S.C. § 1692a(2).

**ANSWER:**  USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

5

27.     Defendant's May 29, 2019 written confirmation conveyed information regarding an amount allegedly owed to Defendant.

**ANSWER:**  In response to Paragraph 27 of Plaintiff's Complaint, USI avers that the letter dated May 28, 2019 speaks for itself.  USI denies the remaining allegations.

28.     Defendant's May 29, 2019 written confirmation attempted to collect monies allegedly owed to Defendant.

**ANSWER:**  In response to Paragraph 28 of Plaintiff's Complaint, USI avers that the letter dated May 28, 2019 speaks for itself.  USI denies the remaining allegations.

29.     By transmitting this May 29, 2019 written confirmation, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:**   USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

## ANSWER TO DAMAGES

30.     Defendant's deceptive and misleading collection practices have deprived Plaintiff notice of Plaintiff's rights under the law.

**ANSWER:**  USI denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant's deceptive and misleading collection practices have also caused confusion, distrust and frustration.

**ANSWER:**  USI denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

## ANSWER TO CLAIMS FOR RELIEF
### COUNT I

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:** USI adopts by reference all prior paragraphs of this answer as though fully set forth herein.

33.    Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)    The false representation of –

(A)    the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2), and e(10)

**ANSWER:** In response to Paragraph 33 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote the referenced statute.  USI denies that it violated any law.

34.    When a communication creates confusion about a creditor's right to sue, that is illegal. *Buchanan v. Northland Group*, 776 F.3d 393, 398 (6th Cir. 2015).

**ANSWER:** In response to Paragraph 34 of Plaintiff's Complaint USI admits that Plaintiff purports to cite to Sixth Circuit case law.

35.    "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

**ANSWER:** In response to Paragraph 35 of Plaintiff's Complaint USI admits that Plaintiff purports to quote to non-binding Seventh Circuit case law.

36.    A misrepresentation about the limitations period amounts to a "straightforward" violation of 15 U.S.C. §§ 1692e(2)(A). *Id.*

**ANSWER:**  In response to Paragraph 36 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote and paraphrase the referenced statute.  USI denies that it violated any law.

37.    The general rule in Michigan is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt.

**ANSWER:**  USI has insufficient information and knowledge to admit or deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38.    It thus is not hard to imagine how attempts to collect time-barred debt might mislead consumers trying their best to repay. *See McMahon*, 744 F.3d at 1021.

**ANSWER:**  In response to Paragraph 38 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite to non-binding Seventh Circuit case law.

39.    Without disclosure, a well-meaning debt could inadvertently dig herself into an even deeper hole. *See Debt Collection*, 78 Fed. Reg. at 67,876 ("[C]onsumers may believe that when they make a partial payment on a time-barred debt they have only obligated themselves in the amount of the partial payment but in many circumstances that is not true.").

**ANSWER:**  In response to Paragraph 39 of Plaintiff's Complaint, USI admits that Plaintiff purports to cite and quote the reference Federal Register provision.

40.    Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by misrepresenting its right to collect.

**ANSWER:**  USI denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.    Defendant was aware the collection of Plaintiff's alleged account balance was time-barred and was merely trying to influence Plaintiff to pay the debt without dispute.

**ANSWER:**  USI denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

42.    Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) by representing that they were working on behalf of HSBC Bank USA, N.A. (as opposed to USI Solutions, Inc.), that HSBC Bank USA, N.A. authorized settlement of this account through reduced payment in hope of Plaintiff continuing to do business with HSBC Bank USA, N.A.

**ANSWER:**  USI denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43.    By indicating "HSBC Bank USA, N.A. authorized settlement of this account through reduced payment in hope of Plaintiff continuing to do business with HSBC Bank USA, N.A.," Defendant presented Plaintiff with a Hobson's choice – save/resolve alleged account balance or suffer loss of future products/services.

**ANSWER:**  USI denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.    This language also suggested that HSBC Bank USA, N.A. wouldn't continue to do business with Plaintiff if this alleged account balance is not resolved.

**ANSWER:**  USI denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.    Defendant used this language to influence consumer to settle account balances; resulting in increased business/commission to Defendant.

**ANSWER:**  USI denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.    Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2)(A) and e(10), pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

  (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

9

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**ANSWER:**  In response to Paragraph 46 of Plaintiff's Complaint, USI admits that Plaintiff purports to quote the referenced statute.  USI denies that it violated any law.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

**ANSWER:**  USI denies the allegations set forth in the wherefore clause of Plaintiff's Complaint.

## <u>ANSWER TO DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

**ANSWER:**  In response to Plaintiff's demand for jury trial, USI admits that Plaintiff requests a trial by jury, but denies Plaintiff is entitled to one as there has been no violation of law and there is no actual, concrete injury in fact.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which USI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of USI.

### THIRD DEFENSE

Any violation of any law, which USI denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which USI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against USI.

### FIFTH DEFENSE

Plaintiff lacks Article III standing to bring this claim and therefore subject matter jurisdiction does not exist.

### SIXTH DEFENSE

Any violation of law and resulting damages, which USI denies, resulted from the reliance upon written information that USI did not know and could not reasonably have known of the falsity or inaccuracy of the information.

WHEREFORE, USI prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.      Dismissing all causes of action against USI with prejudice and on the merits; and,

2.      Awarding USI such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Respectfully submitted,

Dated:  July 25, 2019                  /s/Michael S. Poncin
                                       Michael S. Poncin (Minn. No. 296417)
                                       MOSS & BARNETT, PA
                                       150 South Fifth Street, Suite 1200
                                       Minneapolis, MN 55402
                                       Tel.:  612.877.5290
                                       Fax:  612.877.5056
                                       Mike.Poncin@lawmoss.com
                                       *Counsel for Defendant*